**United States District Court**
For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   GUADALUPE RAMIREZ,                     No. C 08-3766 WHA (PR)

11          Plaintiff,                      **DISMISSAL WITH LEAVE TO
                                            AMEND**
12     v.

13   MD N. DAYALAN; MD SINNACO;
     and RN M. NADEY,
14
            Defendants.
15   _____/

16

17          Plaintiff is a former inmate at the Correctional Training Facility in Soledad who is now

18   housed at Pelican Bay State Prison.  He has filed a pro se civil rights complaint under 42 U.S.C.

19   § 1983.  Plaintiff also requests leave to proceed in forma pauperis.

20                              **DISCUSSION**

21   **A.    STANDARD OF REVIEW**

22          Federal courts must engage in a preliminary screening of cases in which prisoners seek

23   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

25   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

26   monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro

27   se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

28   (9th Cir. 1990).

**United States District Court**
For the Northern District of California

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2    claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

3    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

4    upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations

5    omitted).  Although in order to state a claim a complaint "does not need detailed factual

6    allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'

7    requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

8    of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the

9    speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations

10   omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on

11   its face." *Id.* at 1974.

12       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

13   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

14   that the violation was committed by a person acting under the color of state law.  *West v. Atkins*,

15   487 U.S. 42, 48 (1988).

16   **B.    LEGAL CLAIMS**

17       Plaintiff contends that on August 17, 2007, he saw defendant Dayalan, a doctor, for

18   what appeared to be a spider bite.  Dayalan diagnosed the problem as a boil and prescribed

19   treatment.  He did not order lab work.  Plaintiff also makes conclusory allegations that Dayalan

20   has sporadically refused to provide him with "items needs for self-cleanliness."

21       On August 31, 2007, plaintiff complained again about the "boils," now in his armpit and

22   on his lower leg.  He was seen by defendant Sinnaco, a doctor, who plaintiff says did not

23   conduct an adequate examination in that he did not ask guards to remove the restraints so he

24   could view the lesions in plaintiff's armpit, but instead based his diagnosis on "a similar

25   boil/lesion on my right lower leg."  Sinnaco diagnosed the illness as possible MRSA, a

26   dangerous antibiotic-resistant infection, and prescribed two days of antibiotics.  He did not

27   drain the lesions or order lab work.  Plaintiff also asserts that Sinnaco sporadically refused to

28   provide him with "items needs for self-cleanliness."

**United States District Court**
For the Northern District of California

It appears from a response to plaintiff's grievance that he was seen by a doctor who is not a defendant on September 27, 2007, at which time the lesion was drained and cultured and he was put on "oral antibiotic therapy on an acute and a suppressive schedule."  It appears from a lab report attached to the complaint that the infection was indeed MRSA.

On October 17, 2007, defendant Nadey, an RN, interviewed plaintiff.  He asserts that she was aware of his MRSA infection and the resulting severe and continuing pain, but failed to ensure that he was given "adequate medical care."

The claims against Dayalan and Sinnaco regarding their examinations and treatment of plaintiff are sufficient to proceed.  His contentions that these two doctors failed to provide sufficient items for "self-cleanliness" are insufficient, however, and will be dismissed with leave to amend.

Plaintiff's claim against Nadey is conclusory and thus does not state a claim; it will be dismissed with leave to amend.  If plaintiff chooses to amend, he must allege facts that set out a plausible case that she was deliberately indifferent to a serious medical need, for instance by alleging what pain he continued to suffer long after the intensive course of antibiotics, what medications he was receiving for it, and what he told her about it.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present, including those which are identified in this order as sufficient to state a claim.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address."  Papers intended to be filed in this case should be addressed to the clerk

1    and not to the undersigned.  Petitioner also must comply with the Court's orders in a timely

2    fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

3    pursuant to Federal Rule of Civil Procedure 41(b).

4         **IT IS SO ORDERED.**

5    Dated:  April ____8____, 2009.

6                                          WILLIAM ALSUP
                                          UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G:\PRO-SE\WHA\CR.08\RAMIREZ3766.DWLTA.wpd

**United States District Court**
For the Northern District of California