United States District Court

For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   GUADALUPE RAMIREZ,                          No. C 08-3766 WHA (PR)

11            Plaintiff,                         **ORDER OF SERVICE**

12   v.

13   MD N. DAYALAN; MD SINNACO;
     and RN M. NADEY,

14

15            Defendants.
                                           /

16

17        This is a civil rights case filed pro se by a state prisoner.  In the initial review order

18   several claims were found to be sufficient to proceed, but some others were dismissed with

19   leave to amend.  Plaintiff has informed the court that he wishes to proceed with only the

20   cognizable issues.

21                               **CONCLUSION**

22        1.  Plaintiff's claims that defendants Dayalan and Sinnaco failed to provide sufficient

23   items for "self-cleanliness" and his claims against defendant Nadey are **DISMISSED** with

24   prejudice.

25        2.  The clerk shall issue summons and the United States Marshal shall serve, without

26   prepayment of fees, copies of the complaint in this matter and copies of this order upon the

27   following defendants: N. Dayalan, MD, and Sinnaco, MD.  Plaintiff states that these defendants

28   can be found at:  Salinas Valley State Prison.

**United States District Court**

For the Northern District of California

1    3. In order to expedite the resolution of this case, the court orders as follows:

2    a. No later than sixty days from the date of service, defendants shall file a

3 motion for summary judgment or other dispositive motion.  The motion shall be supported by

4 adequate factual documentation and shall conform in all respects to Federal Rule of Civil

5 Procedure 56, and shall include as exhibits all records and incident reports stemming from the

6 events at issue.  If defendants are of the opinion that this case cannot be resolved by summary

7 judgment, they shall so inform the court prior to the date their summary judgment motion is

8 due.  All papers filed with the court shall be promptly served on the plaintiff.

9    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

10 court and served upon defendants no later than thirty days from the date of service of the

11 motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

12 provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

13 and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

14    If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

15 exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

16 should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

17 which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),

18 *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

19    c. If defendants wish to file a reply brief, they shall do so no later than fifteen

20 days after the date of service of the opposition.

21    d. The motion shall be deemed submitted as of the date the reply brief is due.

22 No hearing will be held on the motion unless the court so orders at a later date.

23    4. All communications by the plaintiff with the court must be served on defendants, or

24 defendants' counsel once counsel has been designated, by mailing a true copy of the document

25 to defendants or defendants' counsel.

26    5. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

27 informed of any change of address by filing a separate paper with the clerk headed "Notice of

28 Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure

2

1   to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal

2   Rule of Civil Procedure 41(b).

3       **IT IS SO ORDERED.**

4   Dated:  May ___12___, 2009.

5                                                                    WILLIAM ALSUP
                                                                     UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   G:\PRO-SE\WHA\CR.08\RAMIREZ3766.SERVE.wpd

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    **NOTICE -- WARNING**

2    **(SUMMARY JUDGMENT)**

3         If defendants move for summary judgment, they are seeking to have your case

4    dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil

5    Procedure will, if granted, end your case.

6         Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

7    Generally, summary judgment must be granted when there is no genuine issue of material

8    fact--that is, if there is no real dispute about any fact that would affect the result of your case,

9    the party who asked for summary judgment is entitled to judgment as a matter of law, which

10   will end your case. When a party you are suing makes a motion for summary judgment that is

11   properly supported by declarations (or other sworn testimony), you cannot simply rely on what

12   your complaint says. Instead, you must set out specific facts in declarations, depositions,

13   answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that

14   contradict the facts shown in the defendant's declarations and documents and show that there is

15   a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,

16   summary judgment, if appropriate, may be entered against you. If summary judgment is

17   granted, your case will be dismissed and there will be no trial.

18   **NOTICE -- WARNING**

19   **(EXHAUSTION)**

20        If defendants file an unenumerated motion to dismiss for failure to exhaust, they are

21   seeking to have your case dismissed.  If the motion is granted it will end your case.

22        You have the right to present any evidence you may have which tends to show that you

23   did exhaust your administrative remedies.  Such evidence may be in the form of declarations

24   (statements signed under penalty of perjury) or authenticated documents, that is, documents

25   accompanied by a declaration showing where they came from and why they are authentic, or

26   other sworn papers, such as answers to interrogatories or depositions.

27        If defendants file a motion to dismiss and it is granted, your case will be dismissed and

28   there will be no trial.

4