United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUADALUPE RAMIREZ,

           Plaintiff,

  v.

DR. N. DAYALAN; DR. C.
SINNACO; R.N. M. NADEY,

           Defendants.

_____/

No. C 08-3766 WHA (PR)

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT**

(Docket No. 14)

**INTRODUCTION**

    This is a civil rights action filed under 42 U.S.C. 1983 by a state prisoner proceeding pro se. Plaintiff claims that defendants Dr. N. Dayalan and Dr. C. Sinnaco did not provide adequate medical care while he was incarcerated at the California Training Facility in Soledad, California. The claims against a third defendant, Registered Nurse M. Nadey, were dismissed. Defendants Dayalan and Sinnaco have moved for summary judgment. Although he was give an opportunity to oppose the motion, plaintiff has not done so. For the reasons set out below, the motion for summary judgment is **GRANTED**.

**ANALYSIS**

    The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed

1   motion may be granted only after court determines that there are no material issues of fact).

2   The court may, however, grant an unopposed motion for summary judgment if the movant's

3   papers are themselves sufficient to support the motion and do not on their face reveal a genuine

4   issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026,

5   1029 (9th Cir. 2001); *see also North American Specialty Insurance Company v. Royal Surplus*

6   *Lines Insurance Company*, 541 f.3d 552, 558 (5th Cir. 2008) (if no factual showing is made in

7   opposition to a motion for summary judgment, the district court is not required to search the

8   record sua sponte for a triable issue of fact).

9       The papers in support of the motion for summary judgment show that Dr. Dayalan and

10   Dr. Sinnaco were not deliberately indifferent to plaintiff's medical needs in violation of the

11   Eighth Amendment.  Deliberate indifference to a prisoner's serious medical needs violates the

12   Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*,

13   429 U.S. 97, 104 (1976).  A prison official is deliberately indifferent if she knows that a

14   prisoner faces a substantial risk of serious harm and disregards that risk by failing to take

15   reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Neither negligence

16   nor gross negligence will constitute deliberate indifference. *Id.* at 835-36 & n.4 (1994).

17       Defendants have presented plaintiff's medical records along with declarations by

18   defendant Dr. Dayalan and a medical doctor with expertise in the treatment of staph infections

19   who reviewed plaintiff's medical records.  These papers show that Dr. Dayalan examined

20   plaintiff on August 17, 2007, for a boil in his armpit, diagnosed a possible "staph" infection,

21   prescribed antibiotics in intramuscular, oral and ointment form, prescribed pain relief

22   medication, and ordered a follow-up examination for five days later in case the antibiotics did

23   not work (Dayalan Decl. ¶¶ 4-7; Grigg Decl. Ex. A at 24).  Dr. Dayalan did not order laboratory

24   tests because the infection was not serious at that stage and test results might have been

25   misleading (Dayalan Decl. ¶¶ 6-7).  Dr. Sinacco examined plaintiff two weeks later for two

26   boils on his armpit and one on his leg, suspected that plaintiff had a staph infection of the

27   "MRSA" type, and treated it as such by prescribing different kinds of antibiotics, also in

28   intramuscular, oral and ointment form, as well as pain medication (Grigg Decl. Ex. A at 27-28).

2

United States District Court

For the Northern District of California

1    Plaintiff's condition thereafter improved (Orr Decl. ¶ 19).  In the following months, plaintiff

2    experienced recurrences of the infection, and received treatment from additional doctors who

3    are not defendants, including draining and tests on plaintiff's boils, as well and prescribing

4    antibiotics and pain relief medication (Grigg Decl., Ex. A at 16, 30-32).

5            As explained by Dr. Orr, an expert in the field, when contracted outside of a hospital

6    setting, an MRSA infection on the skin of the type plaintiff suffered may be treated more

7    conservatively with warm soaks and /or drainage, or more aggressively with antibiotics (Orr

8    Decl. ¶¶ 8- 9).  In taking plaintiff's history, evaluating his symptoms, and ordered antibiotics,

9    Dr. Dayalan and Dr. Sinnaco provided the medically appropriate treatment for a staph infection

10   that was at the stage of plaintiff's infection, and in fact provided more aggressive treatment than

11   some doctors would have (*id.* ¶¶ 13-16, 18).  The decision not to order laboratory tests was

12   proper because the infection was relatively "minor" at that time, and the results of the test could

13   have been misleading (*id.* ¶ 14).  The recurrences that plaintiff later experienced are common

14   with staph infections even after they have been treated properly, and in this case the recurrences

15   do not indicate that the treatment defendants provided was medically insufficient (*id.* ¶ 20).

16   Indeed, Dr. Orr states that the treatment plaintiff received was the "same sort of appropriate

17   treatment that doctors routinely provide" for staph infections outside of prisons (*id.* ¶ 16).

18           While plaintiff's complaint is verified, and as such is treated as a sworn affidavit

19   opposing summary judgment motion to the extent it sets forth matters based on the plaintiff's

20   personal knowledge and sets forth specific facts admissible in evidence,  *see Schroeder v.*

21   *McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995), the complaint sets forth no factual

22   allegations that contradict or dispute the defendants' account of the medical treatment they

23   provided.  Rather, plaintiff's claims are premised on his opinion that the treatment he received

24   from Dr. Dayalan and Dr. Sinacco was not the proper type of medical treatment for his

25   condition.  However, "[a] difference of opinion between a prisoner-patient and prison medical

26   authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662

27   F.2d 1337, 1344 (9th Cir. 1981).  Even a difference of opinion between *doctors* as to the need to

28   pursue one course of treatment over another is insufficient, as a matter of law, to establish

3

United States District Court

For the Northern District of California

1   deliberate indifference.  *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (emphasis

2   added).  Here, plaintiff's disagreement with the opinion of both the defendant doctors and the

3   expert opinion of a third doctor as to whether the treatment he received was medically

4   appropriate does not create a create a triable issue of fact as to whether defendants were

5   deliberately indifferent to his medical care.  In addition, the unrefuted medical evidence

6   indicates that plaintiff's condition commonly recurs even after doctors have proved the proper

7   form of medical treatment.  As a result, the recurrences of the condition does not create a triable

8   issue of fact that the treatment defendants provided was deficient, let alone deliberately

9   indifferent to plaintiff's  medical needs.

10          In sum, defendants' unopposed summary judgment papers establish that they did not

11   violate his constitutional rights, and there is no genuine issue of material fact either evident

12   from those papers or created by any factual allegations in plaintiff's verified complaint.

13   Consequently, defendants are entitled to summary judgment on plaintiff's claims.

**CONCLUSION**

15          Defendants' motion for summary judgment (docket number 14) is **GRANTED**.  The clerk

16   shall enter judgment and close the file.

17          **IT IS SO ORDERED.**

18   Dated: September    10   , 2010.          _____

19                                              WILLIAM ALSUP
                                                UNITED STATES DISTRICT JUDGE

26   G:\PRO-SE\WHA\CR.08\RAMIREZ3766.MSJ.wpd

4